1  MATTHEW A. GARFINKLE (State Bar No. 264730)
   mag@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  MARK JOSEPH KENNEY (State Bar No. 87345)
   mjk@severson.com
7  MARK I. WRAIGHT (State Bar No. 228303)
   miw@severson.com
8  SEVERSON & WERSON
   A Professional Corporation
9  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
10 Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
11
   Attorneys for Defendant
12 BANK OF AMERICA, N.A. (erroneously
   sued as Bank of America Corporation)
13

14              UNITED STATES DISTRICT COURT

15            SOUTHERN DISTRICT OF CALIFORNIA

16 ROBERT J. OHLWEILER,              Case No.  '15CV2268 GPC KSC
                                     Hon.
17          Plaintiff,               Ctrm.

18      vs.                          **BANK OF AMERICAN, N.A.'S
                                     NOTICE OF REMOVAL TO
19 BANK OF AMERICA                   FEDERAL COURT PURSUANT TO
   CORPORATION, and DOES 1 to 10,    28 U.S.C. §§ 1441 & 1332**
20
            Defendants.
21                                   **[DIVERSITY JURISDICTION]**
22
23                                   Action Filed:   August 31, 2015
                                     Removal Date:
24                                   Trial Date:     None Set
25
26
27
28

70001.0343/5221777.1

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that defendant BANK OF AMERICA, N.A., ("BofA") hereby provides this Notice of Removal based on diversity of citizenship, pursuant to 28 U.S.C. § 1441 & 1332, and hereby removes to this Court the state court action described below as follows:

1.    Plaintiff Robert J. Ohlweiler ("Ohlweiler") filed a civil action against BofA in the Superior Court of San Diego County, California, on August 31, 2015, entitled *Robert J. Ohlweiler v. Bank of America Corporation*, bearing San Diego Superior Court case number 37-2015-00029475-CU-BC-CTL (the "State Court Action").  The Complaint asserts claims against BofA for: 1) Breach of Third Party Beneficiary Contract; and 2) Intentional Fraud.

2.    This notice of removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because the Summons and Complaint were served upon BofA on September 10, 2015.  This notice of removal is filed on Friday, October 9, 2015—29 days after the date of service of the Summons and Complaint.

3.    Defendant has not yet filed an answer or otherwise responded to Plaintiff's Complaint in the State Court Action.

4.    Removal to this District is proper because this is the District which embraces the County in which Ohlweiler filed the State Court Action.  28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

5.    This Court has jurisdiction of this case under 28 U.S.C. § 1332 and it is an action that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum or value of $75,000, exclusive of costs and interest.

*COMPLETE DIVERSITY OF CITIZENSHIP*

6.     The citizenship of the parties to this action is completely diverse.

7.     Plaintiff, Ohlweiler, is a citizen of the State of California (based on domicile). To begin with, Ohlwiler is a resident of San Diego, California. Complaint, ¶ 1.  A party's residence is 'prima facie' evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1952) ("Proof of residence in a state is usually thought prima facie evidence of domicile sufficient to shift the burden of proof"), cert. denied, 346 U.S. 874 (1953).  But residency is not determinative of citizenship.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("*Kanter*").

"To be a citizen of a state, a natural person must first be a citizen of the United States." *Ibid.*  Ohlweiler is a citizen of the United States.  Ohlweiler is a depositor of BofA.  BofA's internal records indicate that Ohlweiler is a citizen of the United States.

Once citizenship of the United States is established, "[t]he natural person's state citizenship is then determined by her state of domicile." *Kanter*, *supra*, 265 F.3d at 857.  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("*Lew*").  "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.*, at 749-50 (citations omitted); *see also Kanter*, *supra*, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").  Moreover, "a person's old domicile is not lost until a new one is acquired." *Lew*, *supra*, 797 F.2d at 750.

Evidence Ohlweiler is domiciled in California is extensive.  Ohlweiler, who represents himself in this action, places his California address and California phone

1  number on the caption of the Complaint.  Furthermore, BofA's internal records
2  indicate that Ohlweiler has lived, remained, and continues to remain living, in
3  California since at least February of 2012.  Moreover, Ohlweiler obtained a license
4  to practice law in the State of California.  His California State Bar Number is,
5  according to the caption of the Complaint, 117384.  Taken together, the evidence is
6  overwhelming that Ohlweiler has been domiciled in California since at least 2012 (a
7  fixed habitation) and remains domiciled in California through the date of this Notice
8  of Removal (providing proof of an intent to remain in California permanently).

9      8.    Defendant, BofA (Bank of America, N.A.), is a citizen of the State of
10 North Carolina.  See 287 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303,
11 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in
12 which its main office, as set forth in its articles of association, is located.").  BofA
13 (Bank of America, N.A.) is a national banking association with its designated main
14 office location in the State of North Carolina, "as designated in its articles of
15 association."  *See, e.g., Hill v. Bank of Am. Corp.*, No. 06-cv-804GE, 2006 WL
16 1518874, at *1 (N.D. Ga. May 30, 2006); *see also* Bank of America, N.A.'s online
17 FDIC Profile, *available at*:
18 http://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1=3510 (last visited,
19 October 8, 2015).

20                    *AMOUNT IN CONTROVERSY*

21     9.    The amount in controversy exceeds $75,000, exclusive of interest and
22 costs.  Complaint, Prayer for Relief, ¶¶ 1-2.

23                         **<u>VENUE</u>**

24    10.    Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because
25 this is the district that embraces the county in which Plaintiff filed the State Court
26 Action.

27    11.    Pursuant to 28 U.S.C. § 1446(d), Defendant is filing this notice of
28 removal with this Court, will provide written notice of the removal of this action to

1   Plaintiff, Ohlweiler, and all counsel, and notice thereof will be filed with the Clerk

2   of the San Diego Superior Court.

3       12.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and

4   orders served upon or by BofA in the State Court Action, including the Summons

5   and Complaint, are attached hereto as **Exhibit 1**.

6           WHEREFORE, Defendant BofA prays that the State Court Action be

7   removed from the state court to this Court and that this Court assume jurisdiction

8   over the action and determine it on the merits.

9

10   DATED:  October 9, 2015            SEVERSON & WERSON
                                        A Professional Corporation
11

12                                      By:      */s/ Matthew A. Garfinkle*
                                                  Matthew A. Garfinkle
13

14                                      Attorneys for Defendant BANK OF
                                        AMERICA, N.A. (erroneously sued as Bank of
15                                      America Corporation)

16

17

18

19

20

21

22

23

24

25

26

27

28