SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA CORPORATION, AND DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT J. OHLWEILER

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

'15CV2268 GPC KSC

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of the State of California, County of San Diego
330 S. Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2015-00029475-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert J. Ohlweiler, In Pro Per, 3529 Van Dyke Avenue, Suite D, San Diego, CA 92115

DATE: **SEP 0 1 2015**   Clerk, by **N. Adams**, Deputy
*(Fecha)                  (Secretario)                    (Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9/10/15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ROBERT J. OHLWEILER<br>3529 Van Dyke Avenue<br>San Diego, CA 92105<br>TELEPHONE NO.: 619 546-1648   FAX NO.:<br>ATTORNEY FOR (Name): In Pro Per | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA<br>BRANCH NAME: Civil Division | |

CASE NAME: ROBERT J. OHLWEILER v.s. BANK OF AMERICA CORPORATION AND DOE 1-10

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2015-00029475-CU-BC-CTL<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☑ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/31/15

Robert J. Ohlweiler
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ROBERT J. OHLWEILER, CSBN117384
3529 Van Dyke Avenue, Ste. D
San Diego, CA 92105
Telephone: (619) 546-1648
Email: rjohlweiler@gmail.com

In Pro Per

AUG 31 '15 PM 3:13

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT J. OHLWEILER<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION. and DOES 1 to 10,<br><br>Defendants. | 37-2015-00029475-CU-BC-CTL<br>Case No:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) Breach of Third Party Beneficiary Contract;<br><br>2) Intentional Fraud.<br><br>Unlimited Jurisdiction<br>Jury Trial Demanded |

COMES NOW Plaintiff ROBERT J. OHLWEILER ("Plaintiff") and for HIS causes of action against Defendant BANK OF AMERICA CORPORATION ("Defendant"); and DOES 1 to 10, alleges as follows:

-1-
COMPLAINT FOR DAMAGES

## I.

## PERSONAL JURISDICTION AND VENUE

1. At all relevant times Plaintiff is and was an individual residing in San Diego, California.

2. At all relevant times Defendant is and was an incorporated entity organized under the laws of the State of Delaware, and doing business in the County of San Diego.

3. The true names and capacities of the Defendants named herein as DOES 1 to 10, inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

4. The violations of law described in this complaint have been committed within the County of San Diego, State of California.

5. Pursuant to section 393 of the California Code of Civil Procedure, the County of San Diego, CA is a proper and legal venue for this case.

6. The wrongful conduct of Defendant set forth in the General Allegations and various Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm, including but not limited to physical, mental and emotional injuries and distress, pain and suffering, lost wages and benefits and health care expenses, and other general, special and statutory damages in amounts to be proven.

## II.

## GENERAL ALLEGATIONS

7. In or about 2002 Plaintiff opened bank accounts in the name of his professional corporation, Robert J. Ohlweiler, A Law Corporation ("A.L.C."), with Defendant's bank.

8. A.L.C. was an S Corporation and Plaintiff was the president and sole shareholder thereof.

-2-
COMPLAINT FOR DAMAGES

9. At that time Plaintiff signed agreements on behalf of A.L.C. with Defendant whereby Defendant agreed to hold A.L.C. harmless from any and all acts of fraud committed against these accounts.

10. Plaintiff was and at all times during the life of these accounts these agreements were made for the benefit of the Plaintiff and Plaintiff was the intended third party beneficiary of these agreements.

11. In July and August of 2013, the entire amount in the A.L.C. accounts was fraudulently withdrawn.

## III.

## FIRST CAUSE OF ACTION

## BREACH OF THIRD PARTY BENEFICIARY CONTRACT

12. Plaintiff refers to and incorporates by reference paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. In or about early August 2013 Plaintiff discovered the fraudulent activity committed on the A.L.C. accounts. Plaintiff went to Defendant's branch location on 4002 Clairemant Mesa Boulevard, San Diego, CA. Plaintiff reported the crime and shortly thereafter Defendant returned a small portion of the amounts in question to the checking account only to remove these funds shortly thereafter.

14. From the discovery of the fraudulent activity in or about August of 2013 to present Plaintiff has been attempting to negotiate with Defendant to return these funds to Plaintiff.

15. Plaintiff has on several occasions during this period completed and returned fraud statements as requested by Defendant. In each such incidence Defendant has either told Plaintiff that he had used the wrong forms or completely ignored the documents.

16. By failing to investigate and return the fraudulently removed funds from the A.L.C. accounts, Defendant breached the agreements made with A.L.C.

17. As a direct and proximate result of said breach Plaintiff, as third party beneficiary to these agreements, has sustained damages in an amount according to proof at trial.

## IV.

## SECOND CAUSE OF ACTION

## INTENTIONAL FRAUD

18. Plaintiff refers to and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Plaintiff is informed and believes that Defendant had no intention of performing its duties under the A.L.C. agreements and when the fraud against said accounts was committed it acted in a manner so as to deceive and defraud Plaintiff and A.L.C.

20. Plaintiff relied on the representations made of Defendant and would not have opened the A.L.C. accounts otherwise.

21. Plaintiff is informed and believes that at the time Plaintiff made Defendant aware of the fraud perpetrated against the A.L.C. accounts Defendant began a pattern of behavior with the intent to prevent Plaintiff from providing the documents necessary to prove the fraud committed against the A.L.C. accounts.

22. Plaintiff is informed and believes that Defendant was aware of this fraud and performed acts to prevent paying Plaintiff the money fraudulently taken from the A.L.C. accounts as was agreed to at the time of opening these accounts.

23. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that defendants and each of them will not engage in such conduct in the future and make an example of them.

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

1. For special compensatory damages, including lost wages estimated to be no less than $200,000;
2. For general compensatory damages, including emotional distress estimated to be no less than $200,000;
3. For exemplary and punitive damages;
4. For prejudgment interest;
5. For costs of suit;
6. For such other and further relief as the court deems just and proper.

DATED: August 31, 2015

By: Robert J. Ohlweiler
In Pro Per

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED: August 3, 2015

_____
Robert J. Ohlweiler
In Pro Per

9/10/15 1:10 pm

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7073 | |
| PLAINTIFF(S) / PETITIONER(S): ROBERT J OHLWEILER | |
| DEFENDANT(S) / RESPONDENT(S): Bank of America Corporation | |
| OHLWEILER VS. BANK OF AMERICA CORPORATION | |
| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2015-00029475-CU-BC-CTL |

**CASE ASSIGNMENT**

Judge: Joel R. Wohlfeil                                      Department: C-73

**COMPLAINT/PETITION FILED:** 08/31/2015

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/19/2016 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2015-00029475-CU-BC-CTL    CASE TITLE:
OHLWEILER vs. Bank of America Corporation

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
- (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
- (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
- (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | FOR COURT USE ONLY |

PLAINTIFF(S): ROBERT J OHLWEILER

DEFENDANT(S): Bank of America Corporation

SHORT TITLE: OHLWEILER VS. BANK OF AMERICA CORPORATION

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2015-00029475-CU-BC-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                   Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)           ☐ Non-binding private arbitration

☐ Mediation (private)                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)          ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private Judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                   Date: _____

Name of Plaintiff                       Name of Defendant

Signature                               Signature

Name of Plaintiff's Attorney            Name of Defendant's Attorney

Signature                               Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 09/01/2015                       JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION              Page: 1