UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. OHLWEILER<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and DOES 1 to 10,<br><br>  Defendants. | CASE NO. 3:15-cv-2268-GPC-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 4] |

Before the Court is Defendant Bank of America, N.A.'s ("Defendant") October 16, 2015 Motion to Dismiss for Failure to State a Claim. Def. Mot., ECF No. 4. The motion has been fully briefed. Pl. Resp., ECF No. 6; Def. Reply, ECF No. 8. Upon consideration of the moving papers and the applicable law, the Court **GRANTS** Defendant's motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Robert J. Ohlweiler ("Plaintiff") alleges that around 2002, he opened bank accounts ("ALC accounts") with Defendant on behalf of an S corporation, "Robert J. Ohlweiler, A Law Corporation" ("ALC"), of which he was the president and sole shareholder. Compl. 2, ECF No. 1-1. Plaintiff alleges that at the time, he signed agreements on behalf of ALC with the Defendant whereby the Defendant agreed to hold ALC harmless for any acts of fraud committed against these

accounts. Compl. 3. Plaintiff also alleges that Plaintiff was the intended third party beneficiary of the agreements made between ALC and Defendant. *Id.*

Plaintiff alleges that in July and August of 2013, the entire amount in the ALC accounts was fraudulently withdrawn. *Id.* Plaintiff alleges that "[f]rom the discovery of the fraudulent activity in or about August of 2013 to present Plaintiff has been attempting to negotiate with Defendant to return these funds to Plaintiff," and that "Plaintiff has on several occasions . . . completed and returned fraud statements as requested by Defendant," but that "[i]n each such incident Defendant has either told Plaintiff that he had used the wrong forms or completed ignored the documents." *Id.*

On August 31, 2015, Plaintiff, a resident of California, proceeding *pro se*, filed a civil action against Defendant, a national bank with its main office in North Carolina. Notice of Removal 3–4, ECF No. 1. Plaintiff pled two causes of action for (1) breach of third party beneficiary contract; and (2) intentional fraud. Compl. 3–5. On October 9, 2015, Defendant removed the case to federal court on the basis of diversity jurisdiction. Notice of Removal 3. On October 16, 2015, Defendant filed this motion to dismiss. Def Mot. On November 19, 2015, Plaintiff responded. Pl. Resp. On December 4, 2015, Defendant replied. Def. Reply.

## LEGAL STANDARD

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (noting that on a motion to dismiss the court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). "Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *See Metlzer Inv.GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those nonconclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 676–84; *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (noting that "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal") (internal quotation marks and citation omitted). And while "[t]he plausibility standard is not akin to a probability requirement," it does "ask[] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendant makes several arguments as to why Plaintiff's claims should be dismissed. First, Defendant argues that the claim for breach of third party beneficiary contract should be dismissed because (1) the Plaintiff is neither the real

party in interest nor a third party beneficiary; and (2) the claim is not sufficiently pled. Def. Mot. 4–6. Second, Defendant argues that the fraud claim should be dismissed because (1) the Plaintiff is not the real party in interest; and (2) the claim is not pled with sufficient particularity. *Id.* at 6. The Court will address each argument in turn.

**I.     Breach of Third Party Beneficiary Contract**

    **A.     Party in Interest or Third Party Beneficiary**

Defendant argues that Plaintiff lacks standing to pursue the case because he is not the real party in interest. Def. Mot. 4. Under Fed. R. Civ. P. Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." *See also, e.g.*, *Mission Oaks Ranch, Ltd. v. Cty. of Santa Barbara*, 65 Cal. App. 4th 713, 724 (1998), *disapproved of on other grounds by Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106 (1999) ("One who is not a party to a contract has no right to enforce it unless it is an intended third party beneficiary of the contract."). Defendant argues that since Defendant's contract is with ALC, not with Plaintiff, Plaintiff has no right to enforce the contract. Def. Mot. 4.

Plaintiff appears to concedes the point in his response, but argues that he does have standing because he is the intended third party beneficiary of the contract between ALC and Defendant. *See* Pl. Resp. 3–4. Plaintiff argues that this is so because ALC "was in essence the alter ego of Plaintiff," since ALC is an S corporation, "[f]or over ten years the only individual that signed checks [and] made deposits and withdrawals was Plaintiff," and "if the corporation had become liable to the Defendant, the Plaintiff would have been held legally responsible." *Id.* at 5.

However, as Defendant points out, Plaintiff misunderstands the import of the "alter ego" doctrine, which allows a court to "pierce the corporate veil" by disregarding a corporate entity and treating the corporation's acts as if they were done by individuals where the corporation has been used by those individuals to accomplish a wrongful purpose. *See* Def. Reply 2, *Toho-Towa Co. v. Morgan Creek*

1 *Prods., Inc.*, 217 Cal. App. 4th 1096, 1106 (2013). Instead, the relevant inquiry
2 under third party beneficiary doctrine is whether the contracting parties clearly
3 manifested an intent to make the obligation inure to the benefit of the third party.
4 *See City & Cty. of San Francisco v. W. Air Lines, Inc.*, 204 Cal. App. 2d 105, 121
5 (1962); *see also* Restatement (Second) of Contracts § 302, comment a (1981). While
6 Plaintiff did allege in the Complaint that he was the intended third party beneficiary
7 of these agreements, he did not plead any facts supporting this contention, such as
8 the terms of the contract, or a copy of the contract itself. *See* Compl. 3. Without
9 more, Plaintiff's conclusory allegation cannot survive Defendant's motion to
10 dismiss.

### B. Whether Contract Claim is Sufficiently Pled

Defendant also argues that the contract claim is insufficiently pled because in order to plead a contract claim, a contract must be pled by its terms, by reciting it verbatim or attaching and incorporating it, or by its legal effect, by alleging the substance of its relevant terms. Def. Mot. 5–6 (citing *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)). The Court agrees with Defendant. Since Plaintiff did not recite the contract or include it in the Complaint, Plaintiff was required to plead the contract's legal effects. "This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *McKell*, 142 Cal. App. 4th at 1489. The only detail Plaintiff provides as to the nature of the contract between ALC and Defendant was that therein, "Defendant agreed to hold A.L.C. harmless from any and all acts of fraud committed against these accounts," which is of no relevance to the third party beneficiary claim. *See* Compl. 3. Plaintiff's conclusory statement that "these agreements were made for the benefit of the Plaintiff and Plaintiff was the intended third party beneficiary of these agreements" does not suffice to plead the contract's legal effects. *See id.*

//

## II. Intentional Fraud

### A. Party in Interest

Defendant argues that Plaintiff is also not the real party in interest for purposes of the fraud claim. For the same reasons as discussed above in Part I.A, the Court agrees. Plaintiff has not established that he is the real party in interest for purposes of the fraud claim.

### B. Whether Fraud Claim is Pled with Sufficient Particularity

Defendant also argues that Plaintiff's fraud claim is not pled with sufficient particularity. Fed. R. Civ. P. Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud." A court may dismiss a claim for failing to satisfy Rule 9(b)'s heightened pleading requirements. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To avoid dismissal, the plaintiff must include "the who, what, when, where, and how" of the alleged fraud. *Id.* at 1106 (internal quotation marks omitted). The complaint must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *See id.* (internal quotation marks omitted).

Plaintiff's fraud claim cannot meet this standard. Plaintiff alleges that Defendant committed fraud by "beg[inning] a pattern of behavior with the intent to prevent Plaintiff from providing the documents necessary to prove the fraud committed against the A.L.C. accounts" and "perform[ing] acts to prevent paying Plaintiff the money fraudulently taken from the A.L.C. accounts as was agreed to at the time of opening these accounts." Compl. 4. These general allegations of fraud are not particular enough to satisfy Rule 9(b)'s particularity requirement.

## III. Leave to Amend

Fed. R. Civ. P. Rule 15 provides that courts should freely grant leave to amend when justice requires it. Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court

determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if amendment would be futile. *See id.*

The Court will grant Plaintiff leave to amend in order to cure the deficiencies identified in the complaint.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant Bank of America, N.A.'s motion to dismiss for failure to state a claim, ECF No. 4, is **GRANTED** without prejudice and with leave to amend.
2. **Within thirty (30) days** of the issuance of this Order, Plaintiff must file either a second amended complaint or a notice of election not to file an amended complaint. Failure to comply with this order will result in dismissal of the action pursuant to Fed. R. Civ. P. 41(b). Defendant must file any response **within fourteen (14) days** after service of the amended pleading.

**IT IS SO ORDERED.**

DATED:  December 9, 2015

HON. GONZALO P. CURIEL
United States District Judge