**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT J. OHLWEILER<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA CORPORATION, and DOES 1 to 10,<br><br>  Defendants. | CASE NO. 3:15-cv-2268-GPC-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[ECF No. 11] |

Before the Court is Defendant Bank of America, N.A.'s ("Defendant") January 22, 2016, Motion to Dismiss for Failure to State a Claim. Def. Mot., ECF No. 11. The Plaintiff submitted a response on Feb. 23, 2016. Pl. Resp., ECF No. 15. Defendant replied on March 4, 2016. Upon consideration of the moving papers and the applicable law, the Court **GRANTS** Defendant's motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Robert J. Ohlweiler ("Plaintiff") alleges that around 2002, he opened bank accounts ("ALC accounts") with Defendant on behalf of an S corporation, "Robert J. Ohlweiler, A Law Corporation" ("ALC"), of which he was the president and sole shareholder. Am. Compl., ECF No. 10 at 3. Plaintiff alleges that at the time, he signed agreements on behalf of ALC with the Defendant whereby the Defendant agreed to hold ALC harmless for any acts of fraud committed against

these accounts. Am. Compl., ECF No. 10 at 3. Plaintiff also alleges that Defendant instructed him that he would be the direct beneficiary of the accounts because the accounts were in the name of an S corporation. *Id.*

Plaintiff alleges that in July and August of 2013, the entire amount in the ALC accounts was fraudulently withdrawn. *Id.* Plaintiff alleges that "[f]rom the discovery of the fraudulent activity in or about August of 2013 to present Plaintiff has been attempting to negotiate with Defendant to return these funds to Plaintiff," and that "Plaintiff has on several occasions . . . completed and returned fraud statements as requested by Defendant," but that "[i]n each such incident Defendant has either told Plaintiff that he had used the wrong forms or completed ignored the documents." *Id.*

On August 31, 2015, Plaintiff, a resident of California, proceeding *pro se*, filed a civil action against Defendant, a national bank with its main office in North Carolina. Notice of Removal 3–4, ECF No. 1. Plaintiff pled two causes of action for (1) breach of third party beneficiary contract; and (2) intentional fraud. Compl. 3–5. On December 9, 2015, the Court **GRANTED** Defendant's Motion to Dismiss Plaintiff's Complaint and gave the Plaintiff leave to amend. Ct. Order, ECF No. 9. On January 8, 2016, Plaintiff filed his First Amended Complaint, alleging the same causes of action. ECF No. 10. On January 22, 2016, Defendant filed this motion to dismiss. Def. Mot., ECF No. 11. On February 23, 2016, Plaintiff responded. Pl. Resp., ECF No. 15. On March 4, 2016, Defendant replied. Def. Reply, ECF No. 17.

## LEGAL STANDARD

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (noting that on a motion to dismiss the court is"not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). "Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *See Metlzer Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

     In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those nonconclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 676–84; *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (noting that "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal") (internal quotation marks and citation omitted). And while "[t]he plausibility standard is not akin to a probability requirement," it does "ask[] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id.* at 679.

//

# DISCUSSION

Defendant essentially reasserts all of the arguments from its first Motion to Dismiss as to why Plaintiff's claims should be dismissed. First, Defendant argues that the claim for breach of third party beneficiary contract should be dismissed because (1) the Plaintiff is neither the real party in interest nor a third party beneficiary; and (2) the claim is not sufficiently pled. Def. Mot., ECF No. 11 at 4–7. Second, Defendant argues that the fraud claim should be dismissed because (1) the Plaintiff is not the real party in interest; and (2) Plaintiff failed to meet the heightened pleading requirement for fraud. *Id.* at 7-8. The Court will address each argument in turn.

## I. Breach of Third Party Beneficiary Contract

### A. Party in Interest or Third Party Beneficiary

Defendant argues that Plaintiff still lacks standing to pursue the case because he failed to plead facts that show he is the real party in interest or a third party beneficiary to the contract. Def. Mot., ECF No. 11. Under Fed. R. Civ. P. Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." *See also, e.g.*, *Mission Oaks Ranch, Ltd. v. Cty. of Santa Barbara*, 65 Cal. App. 4th 713, 724 (1998), *disapproved of on other grounds by Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106 (1999) ("One who is not a party to a contract has no right to enforce it unless it is an intended third party beneficiary of the contract."). Defendant argues that since Defendant's contract is with ALC, not with Plaintiff, Plaintiff has no right to enforce the contract. Def. Mot., ECF No. 11.

Plaintiff, once again, concedes in his response that he opened the bank accounts in the name of his professional corporation, Robert H. Ohlweiler, A.L.C. Plaintiff argues again that he does have standing because he is the intended third party beneficiary of the contract between ALC and Defendant. *See* Pl. Resp., ECF No. 15 at 2. Plaintiff argues that Defendant specifically instructed him that he would be the direct beneficiary of the accounts "because [they] were in the name of an S

1  corporation." *Id.* Under Civil Code section 1559, "[a] contract, made expressly for
2  the benefit of a third person, may be enforced by him at any time before the parties
3  thereto rescind it." *Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550,
4  558 (1999). The contract does not need to identify the third party specifically. *Id.*
5  For a third party to qualify as a beneficiary to a contract, "the contracting parties
6  must have intended to benefit that individual, an intent which must appear in the
7  terms of the agreement. " *Id. (*citing *Principal Mutual Life Ins. Co. v. Vars, Pave,*
8  *McCord & Freedman*, 65 Cal. App. 4th 1469, 1485–1486 (1998) and *Harper v.*
9  *Wausau Ins. Co.,* 56 Cal. App. 4th 1079 (1997)).

10       Plaintiff's assertion that Defendant told him he was the direct beneficiary of
11  the account under the agreement does not prove that he was a third party beneficiary
12  to the contract.  Plaintiff's allegations, taken as true, show that the Defendant
13  verbally expressed an intent that the contract benefit Plaintiff. However, Plaintiff
14  has not pled any facts that show what ALC's intent was. Additionally, Plaintiff still
15  failed to attach a copy of the contract, and Plaintiff failed to plead any of the
16  contractual terms, which means that Plaintiff failed to show that the contracting
17  parties intent appeared in the terms of the agreement. *See id.*

18       Furthermore, Plaintiff reasserts his "alter ego" argument, but claims he "was
19  not trying to invoke the corporate legal doctrine but was saying that the corporation
20  was a vehicle used by him and only him from its inception." Pl. Resp., ECF No. 15
21  at 2. He claims that he was clearly "the only beneficiary of these agreements," since
22  ALC is an S corporation, "[f]or over ten years the only individual that signed checks
23  [and] made deposits and withdrawals was Plaintiff," and "if the corporation had
24  become liable to the Defendant, the Plaintiff would have been held legally
25  responsible." *Id.* at 5.

26       However, Plaintiff is still a separate and distinct person from the corporate
27  entity. ALC is still a separate entity capable of entering into its own contracts. Bus.
28  & Prof. Code § 6160; *Toho-Towa Co., Ltd. V. Morgan Creek Productions, Inc.*, 217

Cal. App. 4th 1096, 1106 (2013) (stating that "[o]rdinarily, a corporation is regarded as a legal entity separate and distinct from its stockholders, officers and directors"). Thus, it is irrelevant that the Plaintiff signed checks and made withdrawals from ALC because he did so in his capacity as an officer, director, and stockholder of the company. Furthermore, Plaintiff's argument that he would be personally liable to the Defendant does not allow the Court to find Plaintiff a third party beneficiary to the contract, rather the argument allows a court to "pierce the corporate veil" by disregarding a corporate entity and treating the corporation's acts as if they were done by individuals where the corporation has been used by those individuals to accomplish a wrongful purpose. *See* Pl. Resp., ECF No. 15 at 2; *Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1106 (2013). Instead, the relevant inquiry under third party beneficiary doctrine is whether the contracting parties clearly manifested an intent to make the obligation inure to the benefit of the third party. *See City & Cty. of San Francisco v. W. Air Lines, Inc.*, 204 Cal. App. 2d 105, 121 (1962); *see also* Restatement (Second) of Contracts § 302, comment a (1981). While Plaintiff did allege in the Amended Complaint that Defendant told him he was a direct beneficiary of these agreements, he did not plead the terms of the contract, or attach a copy of the contract itself. *See* Am. Compl. ECF No. 15. Without establishing that the intent of the parties appeared in the agreement, Plaintiff's allegation cannot survive Defendant's motion to dismiss. *Brinton*, 76 Cal. App. 4th 550 at 558.

### B. Whether Contract Claim is Sufficiently Pled

Defendant, again, argues that the contract claim is insufficiently pled because in order to plead a contract claim, a contract must be pled by its terms, reciting it verbatim or attaching and incorporating it, or by its legal effect, by alleging the substance of its relevant terms. Def. Mot., EFC No. 11 at 7 (citing *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)). Since Plaintiff still did not recite the contract or include it in the Complaint, Plaintiff was required to

plead the contract's legal effects. "This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *McKell*, 142 Cal. App. 4th at 1489. The only detail Plaintiff provides as to the nature of the contract between ALC and Defendant was that therein, "Defendant agreed to hold A.L.C. harmless from any and all acts of fraud committed against these accounts," which is of no relevance to the third party beneficiary claim. *See* Am. Compl., ECF No. 10 at 3. Plaintiff's allegation that Defendant told Plaintiff he would be a direct beneficiary of the contract, still provides no insight as to what the terms of the contract actually were. *See id.* Ultimately, Plaintiff has failed to demonstrate that the contracting parties clearly manifested an intent to make Plaintiff a third party beneficiary.

## II. Intentional Fraud

### A. Party in Interest

Defendant argues that Plaintiff is also not the real party in interest for purposes of the fraud claim. For the same reasons as discussed above in Part I.A, the Court agrees. Plaintiff has not established that he is the real party in interest for purposes of the fraud claim.

### B. Whether Fraud Claim is Pled with Sufficient Particularity

Defendant also argues that Plaintiff's fraud claim is not pled with sufficient particularity. Fed. R. Civ. P. Rule 9(b) requires plaintiffs "state with particularity the circumstances constituting fraud." A court may dismiss a claim for failing to satisfy Rule 9(b)'s heightened pleading requirements. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To avoid dismissal, the plaintiff must plead facts showing the details of the fraud, including "the who, what, when, where, and how" of the alleged fraud. *Id.* at 1106 (internal quotation marks omitted). The complaint must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *See id.* (internal quotation marks omitted).

1      To prove fraud, Plaintiff must allege facts that prove: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co.,* 44 Cal.App.4th 1807, 1816 (1996). Plaintiff alleges that the Defendant (1) never had any "intention of performing its duties under the A.L.C. agreements;" (2) Defendant committed fraud by "beg[inning] a pattern of behavior with the intent to prevent Plaintiff from providing the documents necessary to prove the fraud committed against the A.L.C. accounts" and "perform[ing] acts to prevent paying Plaintiff the money fraudulently taken from the A.L.C. accounts as was agreed to at the time of opening these accounts;" (3) Plaintiff relied on Defendant's misrepresentations in signing the agreement; and (4) these acts were fraudulent, oppressive, and malicious justifying an award of punitive damages. Am. Compl., ECF No. 10 at 6.

Plaintiff fails to plead any elements with the required particularity under Rule 9(b). As to the first element, Plaintiff alleges that Defendant entered into the agreement with no intention to uphold its end of the agreement, but it does not allege any particular misrepresentations that were made by the Defendants. The Amended Complaint does not allege "who, what, when, where, or how" the misrepresentations were made. As to the second element, Plaintiff pleads how the fraud supposedly occurred and when, but Plaintiff fails to explain who engaged in the "pattern of behavior." As to the third element, Plaintiff generally pleads that he relied on Defendant's misrepresentations. Once again, this is not specific enough. As to the fourth element, Plaintiff does plead damages, but Plaintiff does not allege any specific acts that resulted in these damages.

Thus, Plaintiff's fraud claim cannot meet the heightened pleading standard for fraud. Plaintiff's general allegations of fraud are not specific enough to satisfy Rule 9(b)'s particularity requirement.

//

### III. Leave to Amend

Fed. R. Civ. P. Rule 15 provides that courts should freely grant leave to amend when justice requires it. Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if amendment would be futile. *See id.*

The Court already granted Plaintiff leave to amend in order to cure the deficiencies identified in the complaint. The Plaintiff's Amended Complaint contains largely the same factual allegations as the Complaint. Furthermore, Plaintiff failed to cure any of the defects in the Complaint. As such, the Court finds that amendment would be futile.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Bank of America, N.A.'s motion to dismiss for failure to state a claim, ECF No. 11, is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

DATED: March 22, 2016

HON. GONZALO P. CURIEL
United States District Judge